MacNEILL ENGINEERING COMPANY, INC.,Plaintiff,

v.

TRISPORT, LTD., Defendant.

Trisport, Ltd. Counterclaim Plaintiff,

v.

MacNeill Engineering Company, Inc., Counterclaim Defendant.

No. CIV. A. 98–12019–WGY.

United States District Court, D. Massachusetts.

July 28, 1999.

Robert M. Asher, Kerry L. Timbers, Julia Huston, Bromberg & Sunstein, Boston, MA, for MacNeill Engineering Company, Inc., Plaintiffs.

John H. Henn, Philip C. Swain, Foley, Hoag & Eliot, Boston, MA, Shiva A. Sooudi, Kirkland & Ellis, Jonathan Putnam, Clifford E. Wilkins, Jr., Kirkland & Ellis, New York, NY, for Trisport, Ltd., Defendants.

Kerry L. Timbers, Bromberg & Sunstein, Boston, MA, for MacNeill Engineering Company, Inc., Counter–Defendants.

## MEMORANDUM AND ORDER

YOUNG, Chief Judge.

"Golf does strange things to people. It makes liars out of honest men, cheats out of altruists, cowards out of brave men and fools out of everybody."

— Milton Gross [1]

## I. INTRODUCTION

This case arises out of a dispute over golf cleats. According to the Complaint, MacNeill Engineering Company ("MacNeill"), a Massachusetts corporation, owns all rights to United States Letter Patent No. 5,036,606 (the " '606 patent"), entitled "Locking Cleat and Receptacle System." The '606 patent concerns traction cleats and receptacles, such as those used on golf shoes. Trisport, Ltd. ("Trisport"), an English company, manufactures and markets a golf cleat and receptacle system called "FAST TWIST." In 1998, MacNeill filed suit against Trisport alleging that Trisport is knowingly infringing and inducing infringement of the '606 patent. Trisport has answered the Complaint and counterclaimed for (i) declaratory judgment of non-infringement, (ii) declaratory judgment of invalidity, (iii) violation of Mass. Gen. L. ch. 93A, and (iv) interference with contractual relations.

## II. MACNEILL'S MOTION FOR LEAVE TO AMEND

MacNeill now seeks leave to amend its original complaint in two respects. First, MacNeill seeks leave to add a claim of contributory infringement against Trisport in light of recent pre-trial discovery. Second, MacNeill seeks leave to join as a plaintiff the President of MacNeill Engineering, Harris MacNeill ("Mr. MacNeill"), in order to assert his civil claim for damages under the Massachusetts wiretapping statute, Mass. Gen. L. ch. 272, § 99Q. As grounds for this proposed claim, MacNeill contends that Trisport surreptitiously recorded a telephone conversation between Mr. MacNeill and a Trisport representative on October 2, 1998 concerning the present litigation.

## III. MOTION FOR LEAVE TO AMEND STANDARD

▇ Litigants, like golfers, often miss the mark on their first attempt. Akin to golf's mulligan, Rule 15(a) of the Federal Rules of Civil Procedure offers litigants the opportunity to improve their first "shot" by way of an amended complaint. Amendments (and mulligans), however, are not always permitted.[2] Once a responsive pleading has been filed, "a party may

---

1. Bruce Nash and Allan Zullo, *Golf's Most Outrageous Quotes* 30 (1997).

2. Under the United States Golf Association's Rules of Golf, mulligans are actually never permitted. *See* USGA R. 15–1, 27–2. Many amateur golfers, however, disregard this prohibition as they see fit.

amend ... only by leave of court ... [which] shall be *freely given when justice so requires.*" Fed.R.Civ.P. 15(a) (emphasis added). Despite this rather forgiving standard, "[i]n considering a motion for leave to amend [ ] the trial court must first consider whether the proposed new claims are futile, that is, whether they would be subject to dismissal for failure to state a claim." *Smith v. Mitre Corp.*, 949 F.Supp. 943, 945 (D.Mass.1997) (Lindsay, J.). Absent a showing of futility, leave should only be denied if the amendment would be overly prejudicial. *See id.*

## IV. PROPOSED AMENDMENT OF CONTRIBUTORY INFRINGEMENT CLAIM

According to 35 U.S.C. § 271(c),

[w]hoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer.

Despite the fairly demanding language of section 271(c), the *only* allegations supporting a claim of contributory infringement contained in MacNeill's proposed amended complaint state that "Trisport is ... knowingly contributing to the infringement of one or more claims of the '606 patent," and "[u]pon information and belief, said infringing activity has taken place in Massachusetts." Prop. Am. Compl.

¶¶ 9, 10. Trisport argues that this Court should deny MacNeill's motion for leave to amend its claim of contributory infringement as futile because such scanty pleading "fails to allege facts which, if proven, would establish that Trisport has contributorily infringed the '606 patent." Def. Opp. Mem. at 6.

 Despite the liberal notice pleading standards embodied in the Federal Rules of Civil Procedure, a plaintiff "is nonetheless required to set forth *factual allegations,* either direct or inferential, respecting *each material element* necessary to sustain recovery under some actionable legal theory." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir.1988) (emphasis added). The material elements of contributory infringement under section 271(c) are "(1) knowledge that an article is being used as a material element in an infringing product and (2) a showing that the article being used is not a staple item of commerce with no substantial noninfringing uses." *Marsh–McBirney, Inc. v. Jennings,* No. CV 90–6370–WDK, 1991 WL 365045, at *5 (C.D.Cal. Nov. 8, 1991); *accord Lummus Ind., Inc. v. D.M. & E. Corp.,* 862 F.2d 267, 272 (Fed.Cir.1988) (same). At the very least, MacNeill's allegations of contributory infringement should roughly describe the "component" or "material part" that Trisport knowingly is offering, selling, or importing into the United States and which is enabling direct infringement. Here, however, the only factual support MacNeill provides to support its claim of contributory infringement is that, upon information and belief, some type of contributory infringement activity took place in Massachusetts. *See* Prop. Am. Compl. at ¶ 10. Without more, such allegations are deficient.[3] As MacNeill's

---

**3.** MacNeill argues that its memorandum in support of its motion for leave to amend "clearly indicates that its claim for contributory infringement arises from Trisport's sale of components that are neither staple articles nor commodities of commerce suitable for substantial noninfringing use (*i.e.,* cleats and receptacles), with knowledge that such com-

ponents were made for a use that will infringe MacNeill Engineering's '606 patent (*i.e.,* shoes that enter the United States)." Pl. Reply Mem. at 9. While this may be true, such factual support must be included in MacNeill's proposed amended complaint—not merely in its memorandum. *Cf. Nieves v. University of Puerto Rico,* 7 F.3d 270, 280 (1st

claim would thus not survive a motion to dismiss for failure to state a claim, it is futile and this Court therefore DENIES without prejudice to its renewal the motion for leave to amend the complaint to include a claim of contributory infringement.

## V. PROPOSED ADDITION OF WIRE-TAPPING CLAIM

Under Mass. Gen. L. ch. 272, § 99Q,

[a]ny aggrieved person whose oral or wire communications were intercepted, disclosed or used ... or whose personal or property interests or privacy were violated by means of an interception ... shall have a civil cause of action against any person who so intercepts, discloses or uses such communications or who so violates his personal, property or privacy interest . . . .

An "interception" includes a secret recording. *See* Mass. Gen. L. ch. 272, § 99(B)(4). According to MacNeill's proposed amended complaint, Trisport "secretly recorded" and subsequently disclosed the contents of an October 2, 1998 telephone conversation between Mr. MacNeill in Massachusetts and an agent of Trisport in England.[4] *See* Prop. Am. Compl. ¶¶ 11–13. Having discovered a transcript of this recording during pre-trial discovery, MacNeill seeks leave to add Mr. MacNeill as a plaintiff and amend the complaint to include a claim under section 99Q.

### A. Section 99Q Liability for Extraterritorial Secret Recording

■ In *Pendell v. AMS/Oil, Inc.*, No. 84–4108–N, 1986 WL 5286, at *3–5 (D.Mass. Apr. 30, 1986) (Collings, M.J.), under closely analogous circumstances,[5] Magistrate Collings held that secretly recording a phone conversation in a jurisdiction outside Massachusetts (even though the call is placed to a party within the Commonwealth) does not give rise to liability under Section 99Q. MacNeill argues that the *Pendell* court's choice-of-law analysis is inapplicable to the present facts and that the court "relied heavily on an outdated *lex loci* approach" in determining whether section 99Q had extraterritorial effect. Pl. Reply Mem. at 8. This Court, however, considers *Pendell*'s choice-of-law analysis applicable to the facts of this case without need for significant discussion. Moreover, while Magistrate Collings discussed the *lex loci* approach, he clearly held that section 99Q had no extraterritorial effect even under the more modern choice-of-law approach espoused in *Bushkin Assocs., Inc. v. Raytheon Co.*, 393 Mass. 622, 473 N.E.2d 662 (1985). *See Pendell*, 1986 WL 5286, at *3–4. Consequently, following the lead of Magistrate Collings, this Court holds that secretly recording a conversation outside Massachusetts does not give rise to liability under Section 99Q even if the call originated within Massachusetts. To the extent that MacNeill's proposed wiretapping claim is premised on Trisport's secret recording, the claim is futile and leave to amend is DENIED with prejudice.

### B. Section 99Q Liability for Disclosure within Massachusetts

■ In its proposed amended complaint, MacNeill states that "Trisport has disclosed and used the contents of the October 2, 1998 telephone conversation." Prop. Am. Compl. ¶ 13. Apparently, this disclosure occurred in at least two instances:

First, Trisport revealed the contents of the subject conversation in detail (and

Cir.1993) ("Factual assertions by counsel in motion papers, memoranda, or briefs are generally not sufficient to generate a trialworthy issue.").

4. Although the proposed amended complaint does not explicitly state that the phone call was made from Massachusetts and recorded

in England, neither party contests this fact. *See* Def. Opp. Mem. at 2; Pl. Reply Mem. at 6.

5. In *Pendell*, the defendant secretly recorded a phone call in Rhode Island that he made to the plaintiff in Massachusetts. *See Pendell*, 1986 WL 5286, at *1.

even went so far as to quote Mr. MacNeill) in paragraph 27 of ... [its Answer and Counterclaim], which it filed as a public document with this Court on October 13, 1998. Second, Trisport disclosed and used the contents of the conversation by providing a transcript to MacNeill Engineering of Trisport's recorded conversation with Mr. MacNeill.

Pl. Reply Mem. at 2–3 (internal citations omitted). If this factual background was at all conveyed in the proposed amended complaint, rather than in supporting memoranda, MacNeill's motion for leave to amend would raise some very interesting and complex issues.[6] Unfortunately for MacNeill, the disclosure element of its proposed wiretapping claim suffers from the same lack of factual support that makes its contributory infringement claim futile. There is no mention of where or to whom the disclosures were made. As filed, to the extent that MacNeill's proposed wiretapping claim is premised on Trisport's disclosure, the claim would not survive a motion to dismiss. Thus, the claim is futile and leave to amend must be DENIED without prejudice to its renewal.

## VI. CONCLUSION

For the aforementioned reasons, MacNeill's motion for leave to amend is DENIED in its entirety. (Docket No. 28)

---

[6.] For instance, the Court would have to determine whether disclosing a secretly recorded conversation within Massachusetts can give rise to liability under section 99Q even though the recording occurred outside of Massachusetts. Additionally, the Court would have to consider whether Trisport's alleged disclosure, apparently made solely in the context of litigation, is immunized from section 99Q liability under some form of litigation privilege. Perhaps this Court will have the opportunity to visit these issues as well as the viability of MacNeill's contributory infringement claim upon a renewed motion for leave to amend that relies upon more comprehensive pleadings. Sometimes litigants, like golfers, need a second practice swing.