**MacNEILL ENGINEERING COMPANY, INC.,**
Plaintiff,

v.

**TRISPORT, LTD., Defendant.**

**Trisport, Ltd., Counterclaim Plaintiff,**

v.

**MacNeill Engineering Company, Inc., Counterclaim Defendant.**

**Civil Action No. 98–12019–WGY.**

United States District Court, D. Massachusetts.

Oct. 20, 1999.

Robert M. Asher, Kerry L. Timbers, Julia Huston, Bromberg & Sunstein, Boston, MA, for MacNeill Engineering Co., Inc., Plaintiff.

John H. Henn, Philip C. Swain, Foley, Hoag & Eliot, Boston, Shiva A. Sooudi, Kirkland & Ellis, New York City, Jonathan Putnam, Clifford E. Wilkins, Jr., Kirkland & Ellis, New York City, for Trisport, Ltd., Defendant.

### *MEMORANDUM AND ORDER*

YOUNG, Chief Judge.

### I. *INTRODUCTION*

By Memorandum and Order dated July 28, 1999, this Court denied the motion of

MacNeill Engineering Company ("MacNeill") for leave to amend its complaint to include a claim for contributory infringement against the defendant, Trisport, Ltd. ("Trisport"), and to join as a plaintiff the President of MacNeill, Harris MacNeill ("Mr.MacNeill"), in order to assert his claim for damages under the Massachusetts wiretapping statute, Mass. Gen. Laws ch. 272, § 99Q, arising out of a telephone conversation initiated by Mr. MacNeill in Massachusetts and secretly recorded by Trisport in England. *See MacNeill Engineering Co., Inc. v. Trisport, Ltd.*, 59 F.Supp.2d 199 (D.Mass. 1999) (*"MacNeill I"*). As a basis for denying the amendment of the proposed contributory infringement, the Court held that the claim was futile in that it lacked sufficient factual support. *See id.* at 202–03. In denying the proposed joinder of Mr. MacNeill and the amendment of his wiretapping claim, the Court held that "secretly recording a conversation outside Massachusetts does not give rise to liability under Section 99Q even if the call originated in Massachusetts." *Id.* at 202–03. Moreover, with respect to Mr. MacNeill's attempt to base the wiretapping claim on Trisport's disclosure of the recorded conversation in court documents and in response to discovery requests, the Court held that the proposed wiretapping claim lacked sufficient factual support. *See id.* MacNeill now files a renewed motion for leave to amend its complaint.

## II. *AMENDMENT OF CONTRIBUTORY INFRINGEMENT CLAIM*

By its newly proposed Amended Complaint, MacNeill provides the factual allegations that the original Amended Complaint lacked. Specifically, the newly proposed Amended Complaint alleges the material elements of a contributory infringement claim brought under 35 U.S.C. § 271(c) (as set forth in *MacNeill I*), and sufficiently describes the "component" that is allegedly being used to enable direct infringement by a third party. Apparently recognizing that MacNeill has

sufficiently repaired the deficiencies of its original Amended Complaint, Trisport argues that leave to amend should be denied because of undue delay and prejudice, primarily because defending the claim would require Trisport to engage in significant international discovery before the January, 2000 trial date in this action.

The Court agrees that allowing MacNeill to amend its complaint to add a claim of contributory infringement so close to trial would seriously prejudice Trisport's ability to defend itself. At the same time, however, this Court refuses to alter its practice of adhering to fixed trial dates.

■ Accordingly, the Court GRANTS MacNeill's motion for leave to amend its complaint to include the proposed claim for contributory infringement, but bifurcates that issue for separate trial on a date to be scheduled by the Court and the parties. The Court will entertain motions to extend discovery (and deadlines for dispositive motions) so that Trisport may prepare adequately for trial on contributory infringement.

## III. *AMENDMENT OF WIRETAPPING CLAIM*

■ Having accepted the Court's ruling that Trisport's secret recording of an international telephone conversation initiated by Mr. MacNeill in Massachusetts does not give rise to a civil cause of action under the Massachusetts wiretapping statute, Mass. Gen. Laws ch. 272, § 99Q, MacNeill seeks leave to amend its complaint by adding a claim under the wiretapping statute based on Trisport's "disclosure" of that conversation in both its Answer and during discovery. Although the wiretapping statute provides a separate remedy for the disclosure of intercepted communications, the statutory language clearly indicates that such remedy is only available for recordings that were intercepted in violation of the statute. *See id.* ("Any aggrieved person whose ...

communications were intercepted ... except as permitted or authorized by this section ... shall have a civil cause of action against any person who ... discloses ... *such* communications.") (emphasis added). Although disclosing communications that were recorded without authorization in the context of litigation might give rise to civil liability (a matter as to which this Court presently expresses no opinion), disclosure of lawfully recorded communications does not.

In addition to the fairly straightforward language of the wiretapping statute, the Supreme Judicial Court had held that a plaintiff alleging liability under the statute for "disclosure" must show that the recording itself was "unauthorized." *See Birbiglia v. Saint Vincent Hosp., Inc.,* 427 Mass. 80, 87, 692 N.E.2d 9 (1998). While the cases MacNeill relies upon from other jurisdictions conclusively establish that there can be separate liability for disclosure of a unauthorized recording by a party that did not itself make the recording, they in no way suggest that disclosure of an authorized recording results in liability. *See, e.g., Nix v. O'Malley,* 160 F.3d 343, 348 (6th Cir.1998) (describing "two preconditions to a finding of liability: the interception must have violated the law, and the defendant must have known or had reason to know this when he disclosed the contents of the intercepted communication."). As aptly stated by Trisport, a contrary position is "sheer folly," Def. Opp. Mem. at 17 n. 6, and this Court thus DENIES as futile MacNeill's motion for leave to join Mr. MacNeill and amend his claim for damages under Mass. Gen. Laws ch. 272, § 99Q.

## IV. *CONCLUSION*

For the aforementioned reasons, MacNeill's motion for leave to amend is GRANTED with respect to the proposed contributory infringement claim and DENIED WITH PREJUDICE with respect to the proposed joinder of Mr. MacNeill and his claim under the wiretapping statute.

MacNeill will submit an Amended Complaint reflecting this ruling within 20 days of the date of this order. The Court will schedule a status conference to set a date for the bifurcated trial on the issue of contributory infringement. [Docket No. 45]

SO ORDERED.