**Jimmy K. WRIGHT, Appellant–
Defendant,**

v.

**Joe SPINKS, Appellee–Plaintiff.**

No. 28A01–9905–CV–146.

Court of Appeals of Indiana.

Jan. 31, 2000.

Rehearing Denied March 27, 2000.

Joseph A. Sullivan, Bloomfield, Indiana, Attorney for Appellant.

Stephen A. Oliver, Boren & Oliver, Martinsville, Indiana, Attorney for Appellee.

## OPINION

DARDEN, Judge

### STATEMENT OF THE CASE

Jimmy K. Wright appeals the trial court's grant of summary judgment to Joe Spinks on Spinks' complaint claiming that Wright is liable to Spinks for the $10,000 prize offered for hitting a hole-in-one on the first hole at the "Jimmy K. Wright 4 Person Scramble" golf tournament.

We affirm.

### FACTS

On August 10, 1997, Wright's election committee sponsored a golf tournament to raise money for his campaign for re-election as mayor. An advertisement offered a $10,000 prize for hitting a hole-in-one on hole number one. Spinks paid an entry fee to participate in the tournament. In addition to the entry fees, tournament organizers raised funds by selling mulligans. According to WEBSTER's THIRD NEW INTERNATIONAL DICTIONARY 1485 (1976), a mulligan is a free shot sometimes awarded a golfer when the preceding shot was poorly played. Spinks bought at least one mulligan. It is undisputed that Spinks was not advised of any limitation on the use of a mulligan. At the first hole, Spinks hit his first ball and did not make a hole-in-one. He then used his mulligan, and this time he hit a hole-in-one. However, Spinks was not awarded the $10,000 prize.

Spinks filed a complaint, asserting that Wright was liable to him for $10,000 because he had made ·a hole-in-one on the first hole. According to Wright, the prize was not owed to Spinks because he hit the hole-in-one on a mulligan. Spinks moved for summary judgment; both parties submitted designated evidentiary material; and the trial court heard oral arguments. Thereafter, the trial court granted Spinks' motion.

### DECISION

Summary judgment is only appropriate if the designated evidentiary matter shows that there is no genuine issue as to any material fact and the moving party is enti-

tled to judgment as a matter of law. Ind. Trial Rule 56(C). In reviewing a trial court's entry of summary judgment, we are bound by the same standard as the trial court. *DeBaets v. National Educ. Ass'n–South Bend*, 657 N.E.2d 1236, 1238 (Ind.Ct.App.1995), *trans. denied.*

Wright contends that summary judgment is improper here because a contract could not have been formed absent evidence about Spinks' and Wright's "intent" as to the "meaning and application of" the word "mulligan," "the only term of significance" in the contract. Wright's Brief at 1. Wright essentially contends that "at the time the contract was formed," the parties did not have a mutual understanding of what a mulligan was. *Id.* at 5. However, the term "mulligan" was not a term of the contract but rather a possible means for meeting the contractual term of a hole-in-one.

Wright also posits a related argument: that summary judgment is improper

> "when the contractual implications of the only word of importance in the oral contract – "mulligan" – is hotly contested, unknown to the general public, varies from place to place, was never discussed between the parties before litigation ensued, and was only discussed by [Wright] in his deposition after it ensued."

Wright's Brief at 1. Presumably, the "contractual implications" of the word "mulligan" are that its meaning must be known in order to determine what constitutes a hole-in-one.

Wright himself testified (at deposition) that he thought a mulligan "was supposed to improve [one's] lie," and he submitted an affidavit from the golf pro that sponsored the tournament stating that a mulligan "is used to improve the golfer position [sic]." (R. 240, 164). An affidavit submitted by Spinks from another golf pro stated that a mulligan allowed a golfer "to redo his shot as if the first never occurred." (R. 102). We do not find these statements necessarily contradictory. A golfer could very well change the "lie" of the ball from that used on the first shot when he placed it to use his mulligan for the second shot. And neither Wright's nor his pro's statement disputes that the mulligan supersedes the first shot.

Further, we cannot agree with Wright's assertions about general ignorance concerning the word "mulligan," and his statement that the word "is golfing jargon; defined in no dictionary, discussed in no cases, and unknown to the general population." Wright's Brief at 9. At oral argument, Spinks asked the trial court to take judicial notice about the meaning of the word "mulligan," because its meaning can "be readily and easily determined by reference to sources that cannot be reasonably disputed." (R. 222). Ind. Evidence Rule 201(a) allows the trial court to take judicial notice of a fact on that basis. Wright did not object, and the trial court did not expressly rule on the motion.

As already noted, mulligan is defined in the dictionary. Further, in *MacNeill Engineering Co., Inc. v. Trisport, Ltd.*, 59 F.Supp.2d 199, 200 (D.Mass.1999), the court used the word to make an analogy as follows:

> Litigants, like golfers, often miss the mark on their first attempt. Akin to golf's mulligan, Rule 15(A) of the Federal Rules of Civil Procedure offers litigants the opportunity to improve their first "shot" by way of an amended complaint.

In addition, *Gant v. Hanks*, 614 S.W.2d 740, 741 (Mo.App.1981), explains that a mulligan is "a second shot from the tee," as does *Allen v. Donath*, 875 S.W.2d 438, 440 (Tex.App.–Waco 1994) ("a second tee shot, or mulligan.").

These sources provide a basis for judicially noticing the meaning of mulligan as

being a replacement golf shot. Because it is undisputed that Spinks was not advised that he could not use a mulligan to attempt to make a hole-in-one on the first hole, when he used the mulligan purchased from a tournament organizer and succeeded in making a hole-in-one with it, he met the conditions of Wright's offer. Accordingly, Wright is obligated to honor the terms of his offer and pay $10,000 to Spinks.[1]

We affirm.

GARRARD, J., and FRIEDLANDER, J., concur.

---

1. Wright also contends that summary judgment is proper "when the only issue concerns the obligations arising out of a disputed oral contract." Wright's Brief at 1. His argument in support of this contention is unclear. However, as noted by Spinks, Wright failed to designate to the trial court the existence of a genuine issue of fact in this regard. Rather, Wright claimed that he had not made a unilateral offer to Spinks and that no contract ever existed. Moreover, Wright submitted no evidentiary material in support of the contention he now presses. We may not reverse a grant of summary judgment on the ground that there is a genuine issue of material fact unless the material fact and the evidence relevant thereto have been specifically designated to the trial court. *Abbott v. Bates*, 670 N.E.2d 916, 921 (Ind.Ct.App.1996). Therefore, Wright's argument fails.