**SONY CORPORATION**

v.

**LG ELECTRONICS U.S.A., INC., et al.**

**Case No. CV 10–9967 CAS (PJWx).**

United States District Court,
C.D. California.

April 18, 2011.

John Hutchins, Rory Miller, for Plaintiffs.

Christopher Marchese, for Defendants.

Proceedings: **DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT** (filed 02/24/11)

CHRISTINA A. SNYDER, District Judge.

## I. INTRODUCTION

On December 28, 2010, plaintiff Sony Corporation filed the instant action against defendants LG Electronics U.S.A., Inc. and LG Electronics Mobilecomm U.S.A., Inc. for patent infringement. Plaintiff filed a first amended complaint ("FAC") on January 3, 2011.

On February 24, 2011, defendants filed the instant motion to dismiss for failure to state a claim, or, in the alternative, for a more definite statement. On March 28, 2011, plaintiff filed an opposition to defendants' motion. Defendants replied on April 4, 2011. After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

## II. BACKGROUND

Plaintiff alleges eight counts of direct, induced, and contributory patent infringement of eight of its patents. FAC ¶¶ 11, 20, 29, 38, 47, 56, 65, 73. Plaintiff accuse certain of defendants' mobile telephone headsets and mobile telephones, including the Accolade (VX5600), Cosmos (VN250), Encore (GT550), enV Touch (VX11000), and Fathom (VS750), among others, of infringing the following patents: U.S. Patent No. 6,222,921 ("the '921 patent"); U.S. Patent No. 7,580,006 ("the '006 patent"); U.S. Patent No. RE40,568 ("the '568 patent"); U.S. Patent No. 7,120,137 ("the '137 patent"); U.S. Patent No. 6,829,489 ("the '489 patent"); U.S. Patent No. 7,242,769 ("the '769 patent"); U.S. Patent No. 6,510,208 ("the '208 patent"); and U.S. Patent No. 6,374,121 ("the '121 patent") (collectively, "the patents in suit"). FAC ¶¶ 3, 8, 17, 26, 35, 44, 53, 62, 71, Exhs. A–H.

Each of the counts, with the exception of the '121 patent, alleges that plaintiff has provided and defendants have received actual notice of the patents in suit. FAC ¶¶ 10, 19, 28, 37, 46, 55, 64. Plaintiff accuses defendants of "directly infringing, and/or intentionally inducing others to infringe, for example, through the instructions they provide to their users who directly infringe, and/or committing acts of contributory infringement of one or more claims of [the patents in suit]." FAC ¶¶ 11, 20, 29, 38, 47, 56, 65, 73.

## III. LEGAL STANDARDS

### A. Motion to Dismiss for Failure to State a Claim

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right

to relief above the speculative level." *Id.* Stated differently, only a complaint that states a claim for relief that is "plausible on its face" survives a motion to dismiss. *Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955). "The plausibility standard is not akin to the 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In considering a motion pursuant to Fed.R.Civ.P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. *Pareto v. F.D.I.C.,* 139 F.3d 696, 699 (9th Cir.1998). The complaint must be read in the light most favorable to the nonmoving party. *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir.2001); *Parks Sch. of Bus., Inc. v. Symington,* 51 F.3d 1480, 1484 (9th Cir.1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Sprewell,* 266 F.3d at 988; *W. Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir.1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pac. Police Dept.,* 901 F.2d 696, 699 (9th Cir.1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (*e.g.,* facts presented in briefs, affidavits, or discovery materials). *In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig.,* 102 F.3d 1524, 1537 (9th Cir.1996), *rev'd on other grounds sub nom. Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach,*

523 U.S. 26, 118 S.Ct. 956, 140 L.Ed.2d 62 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. *In re Silicon Graphics Inc. Sec. Litig.,* 183 F.3d 970, 986 (9th Cir. 1999); *Lee v. City of Los Angeles,* 250 F.3d 668, 689 (9th Cir.2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). *United States v. City of Redwood City,* 640 F.2d 963, 966 (9th Cir.1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed.R.Civ.P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv–Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir.1986); *see Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir.2000).

### B. Motion for a More Definite Statement

Fed.R.Civ.P. 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.Civ.P. 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Furthermore, a motion filed pursuant to Rule 12(e) "must point out the defects complained of and the details desired." Fed.R.Civ.P. 12(e).

## IV. DISCUSSION

### A. Motion to Dismiss for Failure to State a Claim

#### 1. Contributory Infringement

■ A party is liable for contributory infringement if he "offers to sell or sells

within the United States or imports into the United States ... a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use." 35 U.S.C. § 271(c).

Defendants move to dismiss plaintiff's claims for contributory infringement on the grounds that plaintiff's allegations fail to meet the Rule 8 pleading standards articulated in *Iqbal* and *Twombly.* Mot. at 1, 4–5. Defendants maintain that to state a claim for contributory infringement, plaintiff must plead that defendants had knowledge of plaintiff's rights in the patents in suit, knew of a third party's infringement, and sold components specially made for infringing use and not capable of substantial noninfringing uses. *Id.* at 4–5 (citing *Lucent Techs., Inc. v. Gateway, Inc.,* 580 F.3d 1301, 1320 (Fed.Cir.2009)). Accordingly, defendants assert that plaintiff's claim for contributory infringement is deficient because the FAC fails to allege direct infringement of the patents in suit by a third party, that the components present in a third party's allegedly infringing product were "material" and had "no substantial noninfringing uses," and that defendants' contributory infringement was knowing and intentional. *Id.* at 5–6 (citing *DSU Med. Corp. v. JMS Co., Ltd.,* 471 F.3d 1293, 1303 (Fed.Cir.2006); *Lucent Techs.,* 580 F.3d at 1320; *MacNeill Eng'g Co. v. Trisport, Ltd.,* 59 F.Supp.2d 199, 201–02 (D.Mass.1999)).

Plaintiff responds that the facts alleged allow the Court to draw a reasonable inference that defendants are liable for contributory infringement. Opp'n at 3. Plaintiff argues that the allegations demonstrate that defendants can be held liable for contributory infringement by selling various mobile telephone handsets, along with the distribution of their instructions for use. *Id.* (citing 35 U.S.C. § 271(c)). Plaintiff contends that this is not a case where defendants could reasonably disclaim knowledge as to how their products are being used by customers, because the FAC makes clear that the mobile telephone handsets are finished products packaged with complete instructions for their use within standardized networks of specific mobile carriers. *Id.* Thus, plaintiff argues that the FAC states a claim for contributory infringement because it alleges that defendants sell certain mobile telephone handsets, that they had actual knowledge of the patents in suits, and that defendants' end users directly infringe the patents in suit by using the handsets in accordance with the claims of the patents. *Id.* at 3–4.

Moreover, plaintiff argues that several district courts have found similar allegations to state a plausible claim for contributory infringement. *Id.* at 4 (citing *Rambus, Inc. v. NVIDIA Corp.,* No. 08–cv–3343, 2008 WL 4911165, at *3–4, 2008 U.S. Dist. LEXIS 95168, at *9–10 (N.D.Cal. Nov. 13, 2008); *Tune Hunter, Inc. v. Samsung Telecomm. Am., LLC,* No. 09–cv–148, 2010 WL 1409245, at *4, 2010 U.S. Dist. LEXIS 31980, at *12 (E.D.Tex. Apr. 1, 2010); *Mesh Comm, LLC v. EKA Sys., Inc.,* No. 09–cv–1064, 2010 WL 750337, at *1–2, 2010 U.S. Dist. LEXIS 19452, at *3–5 (M.D.Fla. Mar. 4, 2010); *FotoMedia Techs., LLC v. AOL, LLC,* No. 07–cv–255, 2008 WL 4135906, at *1–2, 2008 U.S. Dist. LEXIS 109403, at *6–9 (E.D.Tex. Aug. 29, 2008); *CBT Flint Partners v. Goodmail Sys., Inc.,* 07–cv–1822, 529 F.Supp.2d 1376, 1380 (N.D.Ga.2007); *Windy City Innovations, LLC v. Am. Online, Inc.,* 227 F.R.D. 278, 282–83 (N.D.Ill.2005); *One World Techs., Ltd. v. Robert Bosch Tool Corp.,* No. 04–cv–0833, 2004 WL 1576696, at *2–3,

2004 U.S. Dist. LEXIS 13007, at *5–7 (N.D.Ill. July 13, 2004); *Jackson v. Ill. Bell Tel. Co.*, No. 01–cv–8001, 2002 WL 1466796, at *2–3, 2002 U.S. Dist. LEXIS 13186, at *7–9 (N.D.Ill. July 8, 2002)). Plaintiff contends that defendants' reliance on *Lucent Techs.* and *DSU Med. Corp.* is misplaced because those cases addresses only the substantive law of contributory infringement, and not the requisite pleading standards. *Id.* at 5.

Defendants reply that the holding in *Lucent Techs.* is not confined to the burden of proof, and has been applied to the pleading standard for contributory infringement claims. Reply at 5–6 (citing *Tech. Licensing Corp. v. Technicolor USA, Inc.*, No. CIV. 2:03–1329 WBS EFB, 2010 WL 4070208, at *2–3 (E.D.Cal. Oct. 18, 2010)).

■ As the parties' arguments demonstrate, there is a split in authority as to whether *Iqbal* and *Twombly* demand that a plaintiff alleging a claim for contributory infringement plead facts that establish the individual elements set forth in *Lucent Techs.* Compare *Tech. Licensing Corp.*, 2010 WL 4070208, at *2–3 (granting motion to dismiss where plaintiff failed to allege facts establishing elements) *with Rambus*, 2008 WL 4911165 at *2–3, 2008 U.S. Dist. LEXIS 95168 at *6–8 (rejecting defendant's argument that plaintiff must plead elements); *Minsurg Int'l, Inc. v. Frontier Devices, Inc.*, No. 8:10–cv–1589–T–33EAJ, 2011 WL 1326863, at *2–3 (M.D.Fla. Apr. 6, 2011) (pleading each individual element not required) (citing *FotoMedia Techs.*, 2008 WL 4135906, at *1–3, 2008 U.S. Dist. LEXIS 109403, at *6–9). The Court is persuaded by those decisions that do not require a plaintiff to plead each individual element of a claim for contributory infringement. Therefore, the Court finds that, contrary to defendants' argument, plaintiff need not allege direct infringement of the patents in suit by a third party, that the components present in a third party's allegedly infringing product were "material" and had "no substantial noninfringing uses," and that defendants' contributory infringement was knowing and intentional. Accordingly, the Court concludes that plaintiff's allegations are sufficient to state a claim for contributory infringement.

## 2. Willful and Deliberate Infringement

■ Defendants argue that plaintiff's allegations of willful and deliberate infringement should be dismissed because, despite the FAC's allegation that defendants received actual notice of the patents in suit, there are no facts showing that defendants acted despite an objectively high likelihood that their actions constituted infringement of a valid patent. Mot. at 6 (citing *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed.Cir.2007) ("to establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent.")).

Plaintiff responds that the allegations that defendants received actual notice of the patents in suit and that their infringement was deliberate and willful are sufficient to state a claim. Opp'n at 7 (citing *Jardin v. Datallegro, Inc.*, No. 08–cv–1462, 2009 WL 186194, at *7–8, 2009, U.S. Dist. LEXIS 3339, at *19 (S.D.Cal. Jan. 20, 2009); *Rambus*, 2008 WL 4911165, at *2, 2008 U.S. Dist. LEXIS 95168, at *6–7). Plaintiff argues that *Seagate* is inapposite because it only addresses what is necessary to prove a claim of willfulness, and not whether the complaint is sufficiently pled. *Id.* at 7 (citing *Rambus*, 2008 WL 4911165, at *2, 2008 U.S. Dist. LEXIS 95168, at *7; *Milwaukee Elec. Tool Corp.*

*v. Hitachi Koki Co.,* No. 09–cv–948, 2011 WL 665439, at *3, 2011 U.S. Dist. LEXIS 15504, at *9 (E.D.Wisc. Feb. 14, 2011) ("Although the defendants properly assert that *Seagate* sets forth the standard for establishing willful infringement, the defendants fail to recognize that *Seagate* is not controlling for purposes of pleading under Fed.R.Civ.P. 8(a).")).

Defendants reply that, contrary to plaintiff's assertion, district courts have applied the objective recklessness standard set forth in *Seagate* to pleadings. Reply at 7 (citing *Abbott Labs. v. Sandoz, Inc.,* 532 F.Supp.2d 996, 999–1001 (N.D.Ill.2007); *Duhn Oil Tool, Inc. v. Cooper Cameron Corp.,* 609 F.Supp.2d 1090, 1094 (E.D.Cal. 2009)).

■ Like claims for contributory infringement, there is a "lack of complete uniformity in recent district court authority" addressing wilful infringement claims in light of *Twombly* and *Iqbal. Bender v. LG Elecs.,* No. C 09–02114 JF (PVT), 2010 WL 889541, at *5 (N.D.Cal. Mar. 11, 2010). Generally, district courts have denied a defendant's motion to dismiss for failure to state a claim where the complaint contained "enough specificity to give the defendant notice of what products or aspects of products allegedly infringe...." *Id.* at *4–5 (collecting cases). Here, plaintiff identifies the specific accused products, *see* FAC ¶¶ 3–4, and alleges that defendants had actual notice of the patents in suits, *see* FAC ¶¶ 10, 19, 28, 37, 46, 55, 64. The Court finds that plaintiff need not allege specific facts establishing objective recklessness under *Seagate. See Rambus,* 2008 WL 4911165, at *2–3, 2008 U.S. Dist. LEXIS 95168, at *6–8; *Milwaukee Elec.,* 2011 WL 665439, at *3, 2011 U.S. Dist. LEXIS 15504, at *9. Accordingly, the Court finds that plaintiff alleges sufficient facts to state a plausible claim for wilful infringement.

## B. Motion for a More Definite Statement

■ Defendants argue that plaintiff's claims are so vague and conclusory that a more definite statement is necessary to allow them to prepare a responsive pleading and meaningful defense. Mot. at 7. The Court disagrees. The FAC is not so vague that defendants cannot prepare a responsive pleading, and the detail defendants seek is obtainable through discovery. *See Sagan v. Apple Computer, Inc.,* 874 F.Supp. 1072, 1077 (C.D.Cal.1994) ("Motions for a more definite statement are viewed with disfavor and are rarely granted because of the minimal pleading requirements of the Federal Rules. Parties are expected to use discovery, not the pleadings, to learn the specifics of the claims being asserted.") (internal citation omitted).

## V. CONCLUSION

In accordance with the foregoing, the Court hereby DENIES defendants' motion to dismiss for failure to state a claim, or, in the alternative, for a more definite statement.

IT IS SO ORDERED.