**SEOUL LASER DIEBOARD SYSTEM CO., LTD., a South Korean corporation, Plaintiff,**

v.

**SERVIFORM, S.R.L., an Italian company; Carton Craft Supply, Inc., a Georgia corporation, and Die Supply Guys, Inc., a Canadian company, Defendants.**

**Case No. 12–CV–2427 BEN (JMA).**

United States District Court,
S.D. California.

July 16, 2013.

Lisel Ferguson, Heather Ann Cameron, Procopio Cory Hargreaves and Savitch LLP, San Diego, CA, for Plaintiff.

Behrooz Shariati, Womble Carlyle Sandridge & Rice, LLP, Cupertino, CA, for Defendants.

## ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS

ROGER T. BENITEZ, District Judge.

Before the Court is a motion to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction. For the reasons stated below, the motion is **GRANTED IN PART.**

## BACKGROUND

Plaintiff Seoul Laser Dieboard System Co., Ltd. is a South Korean corporation in the machine tooling business. Serviform, S.r.l. ("Serviform") manufactures and imports dieboard machines into the United States. Die Supply Guys, Inc. ("Die Supply") and Carton Craft Supply, Inc. ("Carton Craft") market and resell Serviform's machines.

Plaintiff commenced this action on October 8, 2012. It accuses Defendants of directly and indirectly infringing the claims of seven U.S. patents[1] generally relating to cutting apparatuses. Plaintiff alleges that it is the "owner" of the patents-in-suit and has "all legal and equitable rights to enforce these patents, to bring and maintain this action, and to make, have made, use, import, offer to sell products or services covered by the [patents]." (Compl. ¶ 17.) Plaintiff also asserts violations under the federal Lanham Act and state law.

On January 31, 2013, Carton Craft moved to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). It contends that: (1) Plaintiff lacks standing to bring this suit because it does not have complete ownership of the asserted patents; and (2) the complaint fails to state a claim on which relief can be granted. Plaintiff filed a response and Carton Craft replied. Serviform and Die Supply subsequently joined Carton Craft's motion. For the sake of simplicity, the Court will refer to the arguments in Carton Craft's motion as "Defendants'" arguments.

## LEGAL STANDARDS

### I. Rule 12(b)(1)

A motion under Federal Rule of Civil Procedure 12(b)(1) challenges the court's jurisdiction to hear a case. Standing challenges can be "facial" or "factual." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir.2000). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir.2004). In resolving a factual attack, a court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* When challenged, the party opposing the motion bears the burden of establishing jurisdiction. *A10 Networks, Inc. v. Brocade Commcn's Sys., Inc.*, No. 11–CV–05493, 2012 WL 1932878, at *2, 2012 U.S. Dist. LEXIS 74215, at *4–5 (N.D.Cal. May 29, 2012).

### II. Rule 12(b)(6)

A motion under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficien-

---

1. The patents-in-suit are: (1) U.S. Patent No. 5,870,919 ("the '919 Patent"); (2) U.S. Patent No. 6,128,940 ("the '940 Patent"); (3) U.S. Patent No. 6,405,574 ("the '574 Patent"); (4) U.S. Patent No. 7,694,543 ("the '543 Patent"); (5) U.S. Patent No. 5,749,276 ("the '276 Patent"); (6) U.S. Patent No. 6,324,950 ("the '950 Patent"); and (7) U.S. Patent No. 6,675,682 ("the '682 Patent").

cy of a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.2001). In federal court, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(2). Typically, a complaint is deficient if it fails to state a plausible claim for relief on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). In addition, allegations of fraud must satisfy the heightened pleading standard of Rule 9(b), which requires pleadings to "state with particularity the circumstances constituting fraud or mistake."

In resolving a motion brought pursuant to Rule 12(b)(6), the Court accepts all well-pleaded allegations of material fact as true and construes them in a light most favorable to the nonmoving party. *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir.1998). In addition to the complaint itself, the Court "may consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir.2003).

## DISCUSSION

### I. Standing

 "Under Article III of the United States Constitution, federal courts cannot entertain a litigant's claims unless that party demonstrates concrete injury, by satisfying its burden to demonstrate both constitutional and prudential standing to sue." *Visioneer, Inc. v. Keyscan, Inc.*, 626 F.Supp.2d 1018, 1023 (N.D.Cal.2009) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). Constitutional standing in a patent case generally requires ownership of the patent. *Toshiba Corp. v. Wistron Corp.*, 270 F.R.D. 538, 541 (C.D.Cal.2010). Prudential standing "generally requires that a patent owner or co-owners be joined in any infringement suit brought by an assignee having fewer than all substantial rights in the patent." *A10 Networks, Inc.*, 2012 WL 1932878, at *3, 2012 U.S. Dist. LEXIS 74215, at *8–9 (citation omitted). "Absent the voluntary joinder of all co-owners of a patent, a co-owner acting alone will lack standing." *Israel Bio–Eng. Proj. v. Amgen, Inc.*, 475 F.3d 1256, 1264–65 (Fed.Cir.2007).

 Defendants contend that Plaintiff lacks standing to bring this case on its own because it is a co-owner of six patents and has no interest in the seventh. For support, they supply assignment records from the United States Patent and Trademark Office ("USPTO").[2] For the '919 patent, the '940 patent, the '574 patent, the '543 patent, the '950 patent and the '682 patent, the USPTO records identify two assignees. Both are named Seoul Laser Dieboard System Co., Ltd., but one has an address in California and the other has an address in the Republic of Korea. (*See* RJN, Exhs. A–D, F, and G.) For the '276 Patent, the assignment records list Seoul Laser Dieboard System Co., Ltd. (with the California address) and SDS USA, Inc.

---

**2.** The Court **GRANTS** Defendants' request for judicial notice of the USPTO assignment records. Because the USPTO documents are public records "capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned," judicial notice is proper. *See* FED.R.EVID. 201(b)(2); *Kaempe v. Myers*, 367 F.3d 958, 965 (D.C.Cir.2004).

(*See* RJN, Exh. E.) Defendants contend that only one of the aforementioned parties—Seoul Laser Dieboard System Co., Ltd. with an address in the Republic of Korea—is a named Plaintiff and that standing rules prevent it from bringing this suit on its own.

Plaintiff defends its claim of complete ownership by submitting records of its own. Through the declaration of its vice president, Kyong Chan Lim, Plaintiff explains that Seoul Laser Dieboard System Co., Ltd. is one company with two business addresses—a headquarters in South Korea and a satellite office in California. (Lim Decl. ¶ 5.) In other words, Seoul Laser Dieboard System Co., Ltd. in San Diego, California and Seoul Laser Dieboard System Co., Ltd., in the Republic of Korea, the designated "assignees" for six of the seven patents, "are one and the same corporate entity." (Lim Decl. ¶¶ 6–7.)

As for the '276 Patent, Plaintiff does not dispute that one of the named assignees, SDS USA, Inc., is a distinct entity from Seoul Laser Dieboard System Co., Ltd. Plaintiff claims, however, that it is now the sole owner of the patent thanks to a May 1, 2011 assignment by way of a confidential settlement agreement between the parties. Plaintiff attaches a redacted copy of the agreement (which refers to a transfer by SDS USA of "all intellectual property" related to SDS Korea's products and business) as well as a USPTO assignment record, which has been updated in the wake of Defendants' motion to reflect an assignment of the '276 patent to Seoul Laser

Dieboard System Co., Ltd., executed on May 1, 2011. (Opp'n, Exh. E.)

At this stage of the litigation, Plaintiff has made a sufficient showing that it has standing to sue for infringement.[3] From Lim's description of Plaintiff's corporate structure, it appears the entities designated by the USPTO as assignees for six of the seven patents are the same. Absent stronger evidence to the contrary, the Court declines to dismiss the infringement claims on standing grounds. As for the '276 patent, Plaintiff's recording of an assignment "creates a presumption of validity as to the assignment[.]" *SiRF Tech., Inc. v. Int'l Trade Comm'n,* 601 F.3d 1319, 1327–28 (Fed.Cir.2010). Plaintiff appears to have standing to sue for infringement from at least the date of assignment. Accordingly, Defendants' motion to dismiss on standing grounds is denied.

## II. Pleading Sufficiency

Defendants next attack the pleadings. They assert that none of the eleven claims for relief are sufficiently pled.

### A. Infringement

The first seven claims are for "infringement," with each representing a different patent-in-suit. As part of each claim for relief, Plaintiff alleges that Defendants are directly infringing, inducing others to infringe, and contributorily infringing the asserted patents and that their infringement is willful.[4] Because the pleading standard for each type of infringement differs, the Court will analyze them separately, look-

---

**3.** Because Defendants' jurisdictional attack challenges the truth of Plaintiff s ownership claim, it is a factual challenge, and the Court may consider material outside the pleadings. *McCarthy v. United States,* 850 F.2d 558, 560 (9th Cir.1988) ("[W]hen considering a motion to dismiss pursuant to Rule 12(b)(1) the district court is not restricted to the face of the pleadings, but may review any evidence, such

as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction.").

**4.** One minor variation appears in the "fourth cause of action," titled "Infringement of Patent No, 7,694,543." For this patent, Plaintiff aims its indirect infringement allegations solely against Serviform. (Compl. ¶¶ 48–53.)

ing first at the direct and willful infringement claims and then turning to the indirect infringement claims.

### 1. Direct Infringement

The Federal Circuit has instructed that Form 18, a sample complaint in the Appendix of Forms to the Federal Rules of Civil Procedure, provides the pleading standard for claims of direct infringement. *See K–Tech Telecommc'ns, Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1284 (Fed.Cir.2013); *In re Bill of Lading Transmission and Processing Sys. Patent Litig.*, 681 F.3d 1323, 1334 (Fed.Cir.2012) ("[T]o the extent the parties argue that *Twombly* and its progeny conflict with the Forms and create differing pleading requirements, the Forms control.") Although the Federal Circuit's view on the applicability of Form 18 is not binding in this circuit, it is strongly persuasive authority and the Court will follow its lead.

█ Form 18 requires: "(1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages." *Bill of Lading*, 681 F.3d at 1334 (citation omitted). Plaintiff's allegations conform to Form 18. The Complaint (1) alleges a basis for jurisdiction (¶ 1); (2) alleges Plaintiff's ownership of the patents-in-suit (¶ 17); (3) alleges that Defendants infringe by "making, imp[o]rting, using, selling and offering to sell" certain machine tools for bending (and sometimes for cutting) metallic material (¶¶ 31, 37, 43, 49 [5], 55, 61, 67); (4) gives Defendants notice of their infringement [6]; and (5) makes

the requisite demand for an injunction and damages. No more is required. *Superior Indus., LLC,* 700 F.3d at 1295.

Defendants suggest that Plaintiff must identify the particular claims that are being infringed as well as specific products accused on infringement. The Court disagrees. Form 18 does not require either. *See Bill of Lading,* 681 F.3d at 1335 ("[A] plaintiff need not even identify which claims it asserts are being infringed."); *K–Tech,* 714 F.3d at 1286 ("We do not read Form 18 ... to require that a plaintiff identify an accused device by name."); *see also Clouding IP, LLC v. Amazon.com, Inc.,* 2013 WL 2293452, at *2 (D.Del. May 24, 2013) ("As it relates to accused products, Form 18 requires only identification of a general category of products, for example 'electrical motors.' Accordingly, complaints frequently survive a motion to dismiss when they accuse a general category of products.") Here, Plaintiff has identified a general class of products (machine tools for bending and sometimes cutting metal) for each count, and elaborated in the background facts that "[o]ne model of these machines is branded as the IDEA" (Compl. ¶ 18). This is sparse, but sufficient. Accordingly, the Court denies Defendants' motion to dismiss the direct infringement claims.

### 2. Willful Infringement

Plaintiff next asserts that Defendants' infringement was willful. Form 18 does not apply to claims for willful infringement. Accordingly, Plaintiff must satisfy the plausibility pleading standard of *Twombly* and *Iqbal.*

█ As a general matter, "[i]nfringement is willful when the infringer was

---

**5.** Paragraph 49 omits the word "importing."

**6.** Filing of an action for infringement satisfies the notice requirement. *See Superior Indus.,*

*LLC v. Thor Global Enters.,* 700 F.3d 1287, 1295 (Fed.Cir.2012) (citing 35 U.S.C. § 287(a)).

aware of the asserted patent, but nonetheless acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 860 (Fed. Cir.2010) (citation and internal quotation marks omitted). What a plaintiff must allege to satisfy *Twombly* and *Iqbal* remains somewhat murky. *See Sony Corp v. LG Elecs. U.S.A., Inc.*, 768 F.Supp.2d 1058, 1064 (C.D.Cal.2011) (noting a "lack of complete uniformity" in district court decisions). A "bare recitation of the required legal elements for willful infringement" or a "mere allegation, without more," that Defendants knew of the patents-in-suit will not survive a Rule 12(b)(6) motion. *Robert Bosch Healthcare Sys., Inc. v. Express MD Solutions, LLC*, No. C 12–00068, 2012 WL 2803617, at *3 (N.D.Cal. July 10, 2012). However, courts have denied such motions where the patentee couples an allegation of direct infringement with "the barest factual assertion" of knowledge. *See Medtrica Solutions, Ltd. v. Cygnus Med., LLC*, No. C 12–538, 2012 WL 5726799, at *1–2, 2012 U.S. Dist. LEXIS 163564, at *4 (W.D.Wash. Nov. 15, 2012); *Avocet Sports Tech., Inc. v. Garmin Int'l, Inc.*, No. C 11–04049, 2012 WL 2343163, at *3 (N.D.Cal. June 5, 2012).

█ Within each "cause of action" for infringement, Plaintiff alleges that "Defendants have continued their infringement despite having notice of the [patents-in-suit]" and "have committed and are committing willful and deliberate patent infringement." (Compl. ¶¶ 34, 40, 46, 52, 58, 64, 70.) Plaintiff also alleges that it sent "a letter" to Defendants in 2007 "putting them on notice that they were infringing upon the SDS Patents through the sale of their dieboard bending and cutting machines." (Compl. ¶ 22.) Through this lat-

ter allegation, Plaintiff appears, at first glance, to make out the barest factual assertion that Defendants had knowledge of the patents-in-suit.

There is a wrinkle, however. Carton Craft provides the Court with the actual letter from 2007. Because the contents of the letter are referenced in the Complaint as the basis for Defendants' knowledge, the Court may consider it. *See* 5A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1327 (3d ed.) ("[W]hen the plaintiff fails to introduce a pertinent document as part of her pleading, a significant number of cases from throughout the federal court system make it clear that the defendant may introduce the document as an exhibit to a motion attacking the sufficiency of the pleading; that certainly will be true if the plaintiff has referred to the item in the complaint and it is central to the affirmative case."). Having examined the letter,[7] the Court cannot plausibly infer that it notified Defendants of *all* asserted patents in 2007. The letter only names three of them—the ′950 Patent, ′682 Patent, and ′276 Patent. Although the letter alludes to other "related patents," it makes no express reference to the ′940 Patent, the ′919 Patent, the ′574 Patent, or the ′543 Patent.

Plaintiff attempts to cure this deficiency in its briefing by asserting other bases for Defendants' knowledge, e.g. Internet advertisements, product marking, the parties' co-existence in a small industry. This argument is not well taken. None of this appears in the Complaint. The Court cannot consider new facts put forward in an opposition brief. Accordingly, only some of Plaintiff s willful infringement allegations—those related to the ′950 Patent, ′682 Patent, and ′276 Patent—suffice.

---

**7.** As Plaintiff does not suggest otherwise, the Court presumes that the letters to Die Supply and Serviform were substantively identical.

Indeed, Serviform appears to have been carbon copied on the letter to Carton Craft.

For patents *not* referenced in the letter (the '940 Patent, the '919 Patent, the '574 Patent, and the '543 Patent), Plaintiff fails to put forward "the barest factual assertion" of knowledge, and therefore fails to adequately plead willful infringement

### 3. Indirect Infringement

■ For each patent, Plaintiff alleges two types of indirect infringement: induced infringement, § 271(b), and contributory infringement, § 271(c). Indirect infringement claims, like willful infringement claims, must satisfy *Twombly*'s plausibility pleading standard. *See Bill of Lading*, 681 F.3d at 1336–37.

■ As an initial matter, the Court dismisses Plaintiff's indirect infringement claims insofar as they are associated with the '940 Patent, the '919 Patent, the '574 Patent, and the '543 Patent. Both forms of indirect infringement require knowledge of the patent by the putative infringer. *Global–Tech Appliances, Inc. v. SEB S.A.*, — U.S. —, 131 S.Ct. 2060, 2068, 179 L.Ed.2d 1167 (2011). As explained above, Plaintiff fails to adequately plead such knowledge.

As to the remaining patents, Plaintiff's core allegations are as follows:

- Serviform sells "Infringing Machines" to Carton Craft and Die Supply for resale in the United States. (Compl. ¶ 19.)

- Serviform "intentionally induced and contributed to the infringement of Defendants Carton Craft and Die Supply." (Compl. ¶¶ 57, 63, 69).

- "Defendants" have and are "inducing and contributing to others' infringement through the manufacture, importation, sales, offers for sale, and use of certain machine tools for bending and cutting metallic material[.]" (Compl. ¶¶ 55, 61,67.)

■ Defendants argue, and the Court agrees, that Plaintiff fails to adequately plead contributory infringement. "Contributory infringement occurs if a party sells or offers to sell, a material or apparatus for use in practicing a patented process, and that 'material or apparatus' is material to practicing the invention, has no substantial non-infringing uses, and is known by the party 'to be especially made or especially adapted for use in an infringement of such patent.' " *Bill of Lading*, 681 F.3d at 1337 (quoting § 271(c)). Among other things, Plaintiff must plead facts that allow an inference that the accused products are "especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use." *Superior Indus., LLC*, 700 F.3d at 1296 (citing 35 U.S.C. § 271(c)). Plaintiff has not done so. It has merely identified a broad category of accused devices and labeled them infringing. The Court may not supply essential elements of the claim that do not appear in the Complaint. Accordingly, Plaintiff's remaining contributory infringement claims are dismissed.

■ Defendants also argue, and the Court agrees, that Plaintiff's induced infringement claims are deficient. To state a claim for induced infringement, Plaintiff must allege, among other things, "facts plausibly showing that [Defendants] specifically intended [their] customers to infringe the [patents-in-suit]." *Bill of Lading*, 681 F.3d at 1339. Conclusory allegations will not suffice. *See Medsquire LLC v. Spring Med. Sys., Inc.*, No. 11–CV–4504, 2011 WL 4101093, at *3, 2011 U.S. Dist. LEXIS 107416, at *8–9 (C.D.Cal. Aug. 31, 2011) (dismissing an allegation that Defendant indirectly infringed by "inducing direct infringement by other persons-specifically, customers and partners of [Defendant], who make, use, sell, or offer for sale" the accused product). Plaintiff's allegations, like those in *Medsquire*, fail to satisfy *Twombly*.

Plaintiff alleges that Serviform "intentionally induced" the infringement of Carton Craft and Die Supply and that Carton Craft and Die Supply then induced "others" to infringe. What Plaintiff fails to provide are facts plausibly showing that Defendants *specifically intended third party* infringement. The 2007 letter did not identify any accused device, much less tie any allegedly infringing features or designs to any particular patent. The Court cannot plausible infer from the allegation that Defendants sold or used "certain machine tools" that Defendants specifically intended third party infringement. Accordingly, the inducement claims are dismissed.

## B. Lanham Act Claims

Plaintiff next asserts a claim for unfair competition under Lanham Act § 43(a), 15 U.S.C. § 1125(a), and requests injunctive relief pursuant to 15 U.S.C. § 1116. Although separately alleged, these claims are intertwined. *See Skydive Ariz., Inc. v. Quattrocchi*, No. CV–05–2656, 2010 WL 1743189, at *7 (D.Ariz. Apr. 29, 2010) ("Under 15 U.S.C. § 1116, Courts may grant injunctions when a defendant has committed a violation of § 43(a)."). Defendants contend Plaintiff is misusing the Lanham Act to reassert its patent claims, and that it fails to state a cognizable claim. The Court agrees.

"Section 43(a) ... prohibits the use of false designations of origin, false descriptions, and false representations in the advertising and sale of goods and services." *Jack Russell Terrier Network v. Am. Kennel Club, Inc.*, 407 F.3d 1027, 1036 (9th Cir.2005). It states in pertinent part:

(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false or misleading description of fact, or false or misleading representation of fact, which—

(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

(B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act. 15 U.S.C. § 1125(a).

It is not clear from the Complaint whether Plaintiff is asserting a "false association" claim under § 43(a)(1)(A) or a "false advertising" claim under § 43(a)(1)(B). This ambiguity alone raises fair notice concerns. *See FreecycleSunnyvale v. Freecycle Network, Inc.*, No. C 06–00324, 2006 WL 2060431, at *5–6, 2006 U.S. Dist. LEXIS 54374, at *14–15 (N.D.Cal. July 25, 2006) (holding that a party failed to give Plaintiff fair notice of the ground on which its counterclaim rested because it failed to identify the particular prong of § 43(a)(1) that was being asserted). Even if the Court overlooks this deficiency, however, Plaintiff fails to state a claim under either prong.

Section 43(a)(1)(A) "makes actionable any commercial representation that is likely to cause confusion 'as to the origin' of goods." *Baden Sports, Inc. v. Molten USA, Inc.*, 556 F.3d 1300, 1306 (Fed.Cir.2009). "Origin" in this context refers to "the producer of the tangible goods that are offered for sale, and not to the author of any idea, concept, or commu-

nications embodied by those goods." *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 37, 123 S.Ct. 2041, 156 L.Ed.2d 18 (2003). Plaintiff alleges that Defendants' sale of "Infringing Machines will confuse and deceive the public into thinking that the products sold by Defendants are Plaintiff's products" (Compl. ¶ 74) and that "Defendants copied the Patents for the specific purposes of infringing upon [Plaintiff's] Patents and falsely designating [Plaintiff's] products as their own" (Compl. ¶ 178.) Such allegations fail to state a claim under § 43(a)(1)(A). Plaintiff does not allege that Plaintiff produced the machines that Defendants' offer for sale. Indeed, nothing in the Complaint suggests that is the case. What Plaintiff appears to be alleging is that it owns the patents *embodied* by those machines and that Defendants' sales creates confusion as to inventorship. *Dastar* forecloses liability for such conduct under § 43(a)(1)(A).

 The Complaint also fails to state a false advertising claim under § 43(a)(1)(B). A false advertising claim "requires a showing that (1) the defendant made a false statement either about the plaintiff's or its own product; (2) the statement was made in commercial advertisement or promotion; (3) the statement actually deceived or had the tendency to deceive a substantial segment of its audience; (4) the deception is material; (5) the defendant caused its false statement to enter interstate commerce; and (6) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to the defendant, or by a lessening of goodwill associated with the plaintiff's product." *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829 (9th Cir.2002). "District courts in the Ninth Circuit have held that the heightened pleading standard of Federal Rule of Procedure 9(b) applies to false advertising claims and requires the plaintiff to plead the 'time,

place, and specific content of the false representations,' the identities of the parties to the misrepresentation, and what about the statement is claimed to be misleading." *Epicor Software Corp. v. Alternative Tech. Solutions, Inc.*, No. SACV 13–00448, 2013 WL 2382262, at *4, 2013 U.S. Dist. LEXIS 79125, at *12–15 (C.D.Cal. May 9, 2013) (citing *EcoDisc Tech. AG v. DVD Format/Logo Licensing Corp.*, 711 F.Supp.2d 1074, 1085 (C.D.Cal. 2010)). The allegations in the Complaint fall far short. Plaintiff fails to identify *any* false statement, much less explain why it is misleading. Plaintiff only makes passing reference to Defendants' use of "advertisements" that "may" be below its standards. (Compl. ¶ 76.) Such threadbare allegations fail to state a plausible claim. Accordingly, Plaintiffs Lanham Act claims are dismissed.

### C. Tortious Interference

 Finally, Plaintiff accuses Defendants of tortious interference with contract and with prospective economic advantage. Defendants contend that Plaintiff's allegations do not pass muster under *Twombly* and that they are preempted by federal patent law. The Court agrees with the first argument and need not reach the second.

 "The tort of intentional interference with contract requires allegations of the following elements: (1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage.'" *CRST Van Expedited, Inc. v. Werner Enters., Inc.*, 479 F.3d 1099, 1105 (9th Cir.2007) (quoting *Quelimane Co. v. Stewart Title Guar. Co.*, 19 Cal.4th 26, 55, 77 Cal.Rptr.2d 709, 960

P.2d 513 (1998)). Plaintiff has not adequately alleged these elements. Plaintiff alleges no facts from which the Court can plausibly infer the existence of a specific and valid contract or Defendants' knowledge of that contract. Further, Plaintiff does not plead with any specificity the disruption of a contract. Conclusory assertions that "Defendants intentionally and tortiously interfered with the contractual relations between [Plaintiff] and its suppliers, distributors and customers," that Defendants "acted willfully and wantonly in so doing," and that Plaintiff was damaged as a result do not suffice.

▓▓▓▓ The tort of intentional interference with prospective economic advantage requires allegations of: "(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant." *Pardi v. Kaiser Foundation Hosp.*, 389 F.3d 840, 852 (9th Cir. 2004) (quoting *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1153, 131 Cal.Rptr.2d 29, 63 P.3d 937 (2003)). Again, the Complaint falls short. Plaintiff fails to allege that it was likely to receive an economic benefit from a specific third party, and it fails to identify a specific opportunity lost. Conclusory assertions that "Defendants intentionally and tortiously interfered with the prospective business advantage that [Plaintiff] enjoyed with its suppliers, distributors and customers" and that Plaintiff suffered damage do not suffice. *See Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1151 (9th Cir.2008) (dismissing as conclusory Plaintiff's allegation that "its ongoing business and economic relationships with Customers [had] been disrupted" and noting the absence of any *facts* relating to an actual disruption to negotiations or potential contracts). Accordingly, Plaintiff's tortious interference claims are dismissed.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss Plaintiff's complaint is **GRANTED IN PART.** The Court's order is as follows:

(1) Defendants' Rule 12(b)(1) motion to dismiss is **DENIED.** .

(2) Defendants' Rule 12(b)(6) motion to dismiss Plaintiff's direct infringement claims is **DENIED.**

(3) Defendants' Rule 12(b)(6) motion to dismiss Plaintiff's willful infringement claims is **DENIED** as to the '950 Patent, '682 Patent, and '276 Patent. It is **GRANTED** as to the '940 Patent, the '919 Patent, the '574 Patent, and the '543 Patent).

(4) Defendants' Rule 12(b)(6) motion to dismiss Plaintiff's induced infringement claims is **GRANTED.**

(5) Defendants' Rule 12(b)(6) motion to dismiss Plaintiff's contributory infringement claims is **GRANTED.**

(6) Defendants' Rule 12(b)(6) motion to dismiss Plaintiff's Lanham Act claims is **GRANTED.**

(7) Defendants' Rule 12(b)(6) motion to dismiss Plaintiff's tortious interference claims is **GRANTED.**

All dismissals are without prejudice. Plaintiff has leave to file an amended complaint that addresses the deficiencies identified above within 21 days of the date of this Order.

**IT IS SO ORDERED.**